IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENE E. DUDLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0916-D |
| | § | |
| STEVE AYCOCK, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Gene E. Dudley, a federal prisoner, against Steve Aycock and David Morton, employees of the Bureau of Prisons ("BOP"). On May 22, 2007, plaintiff tendered a five-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous, and he is not "under imminent danger of serious physical injury."

II.

Plaintiff, who is presently housed at a federal prison camp in Yankton, South Dakota, challenges a decision to rescind his transfer to a federal prison in Leavenworth, Kansas. Because

plaintiff completed the Life Connections Program ("LCP"), a faith-based religious program offered through the prison, he believes that he is entitled to be transferred to a facility closer to his home and family. However, Aycock, a BOP designator, and Morton, a BOP chaplain, have refused to effect this transfer. Plaintiff alleges that the conduct of defendants violated the terms of the LCP Agreement and his rights under the First Amendment to the United States Constitution.

A.

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). This prohibition applies to suits dismissed on any of those grounds prior to the effective date of the Prison Litigation Reform Act. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). The only exception is for cases where the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.

Plaintiff was allowed to proceed *in forma pauperis* in three prior civil actions filed while he was incarcerated. All three cases were dismissed either as frivolous or for failure to state a claim. *See Dudley v. Megerman*, No. 5-93-CV-6030-DBB (W.D. Mo. Jun. 16, 1993), *aff'd*, No. 93-2862 (8th Cir. Mar. 1, 1994); *Dudley v. Megerman*, No. 4-91-CV-0524-HFS (W.D. Mo. Mar. 2, 1992); *Dudley v. Moore*, No. 2-89-CV-4518-SOW (W.D. Mo. May 4, 1990), *appeal dism'd*, No. 90-2042 (8th Cir. Nov. 6, 1990). On at least two prior occasions, courts have refused to allow plaintiff to proceed *in forma pauperis* based on the "three strikes" rule. *See Dudley v. Koetting*, No. 02-0263-CV-W-3-P (W.D. Mo. Apr. 5, 2002); *Dudley v. Corwin*, No. 06-0613-CV-W-ODS-P (W.D. Mo. Jul. 31, 2006).

Plaintiff does not allege any facts in his complaint which suggest that he is under imminent danger of serious physical injury. The court therefore determines that plaintiff cannot prosecute this action unless he pays the statutory filing fee.

### RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE